Timothy B. Smith (8271)
Jordan Stott (*Pro hac vice to be filed*)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84101
Telephone: (801) 536-6993
tbsmith@parsonsbehle.com
jstott@parsonsbehle.com
*Attorneys for Plaintiff Chattanooga Professional Soccer Management LLC*.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHATTANOOGA PROFESSIONAL SOCCER MANAGEMENT, LLC, a Utah limited liability company;<br><br>Plaintiff,<br>vs.<br><br>ARKANSAS STATE UNIVERSITY;<br><br>Defendant. | **COMPLAINT**<br><br>Civ. No. 2:23-cv-00850<br><br>Judge |

Plaintiff Chattanooga Professional Soccer Management, LLC ("CPSM") complains of Defendant, Arkansas State University ("ASU") and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff CPSM is a limited liability company organized and existing under the laws of the State of Utah. CPSM's principal place of business is located at 2720 Homestead Rd. Suite 200, Park City, Utah 84098.

2. Defendant ASU is a university in the State of Arkansas with a mailing address of 501 Woodlane Drive, Suite 600, Little Rock, AR 72201.

3. This Court has subject matter jurisdiction pursuant to Section 21(b) of the U.S. Trademark Act of 1946 (the "Lanham Act"), as amended 15 U.S.C. § 1071(b)(1), which provides that a party dissatisfied with a final decision of the Trademark Trial and Appeal Board ("TTAB") may institute a new civil proceeding challenging such a decision. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201.

4. Personal jurisdiction over ASU is proper under U.C.A. § 78B-3-205. On information and belief, ASU has solicited business in the State of Utah and in this District, has transacted and done business in the State of Utah and in this District, and derives substantial revenue from interstate commerce. In particular, ASU has participated in multiple sporting events in the State of Utah and in this District.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2).

## GENERAL ALLEGATIONS

6. CPSM is the owner of Chattanooga Red Wolves SC ("CRWSC"), a professional soccer team that plays its games in the United Soccer League ("USL"). CRWSC began playing its home games in Chattanooga, Tennessee in 2019 and has played games there continuously since that time.

7. On September 14, 2018, CPSM filed trademark application serial no. 88117505 (the "'505 Application") to register the mark CHATTANOOGA RED WOLVES SC (the "CHATTANOOGA RED WOLVES Mark").

8. On November 16, 2018, CPSM filed a trademark application serial no. 88196890 (the "'890 Application") to register the mark CHATTANOOGA RED WOLVES SC and design

 (the "Design Mark").

9. The '505 Application and the '890 Application (collectively, the "Applications") each sought registration for use with:

> IC 025: Clothing, namely, t-shirts, shirts, sports jerseys, polo shirts, sweaters, cardigans, singlets, suits, vests, warm-up tops, warm-up suits, pants, trousers, shorts, warm-up pants, uniforms, jackets, parkas, coats, hosiery, socks, gloves, scarves, shawls, belts, ties, wrist bands, aprons, footwear; headwear, namely, hats, caps, beanies, visors, ear muffs, bandanas, head bands.
>
> IC 041: Entertainment services, namely, organizing, conducting, and staging sporting events in the nature of professional soccer events, professional soccer matches, and professional soccer exhibition games; Entertainment services, namely, organizing and conducting professional soccer games and events rendered live and recorded for the purpose of distribution through broadcast media via the Internet, television, radio and mobile communication devices; Providing online, non-downloadable audio clips, video clips, musical videos, film clips and multimedia audio-visual materials featuring professional soccer events and performances; rental of films via Internet; Providing sports information via Internet, television, radio, and mobile communication devices; Providing online, non-downloadable audio clips, video clips, and musical clips featuring professional soccer events and performances; Providing online, non-downloadable film clips and multimedia materials featuring professional soccer events; television entertainment in the nature of ongoing television programs in the field of sports and sports entertainment; providing ongoing television programs in the nature of news shows, web television talk shows, news casts, documentaries, and reality based television programs.

10. On January 3, 2019, the USPTO issued Office Actions which contained Section 2(d) (likelihood of confusion) refusals to register based on three of ASU's pled registrations, U.S.

Registration Nos. 3796310 (RED WOLVES – Class 25), 3677815 (RED WOLVES – Class 41) and 4635369 (RED WOLF – Class 25, 41).

11.     On May 30, 2019, CPSM filed Responses to the Office Actions. and amended the recitation of services in Class 41 to "identify [CPSM]'s services as specifically relating to professional soccer."

12.     CPSM presented evidence of third-party use of the term RED WOLVES and WOLVES by third parties including US Registration No. 3772470. (Classes 16, 25 and 41) which co-exist with the cited marks and argued the differences in the marks convey overall different commercial impressions.

13.     CPSM also presented evidence of coexisting team names in different sports and evidence of co-existing team names at different levels of competition. CPSM provided applicable case law for the proposition that the USPTO is not concerned with "mere theoretical possibilities" of confusion but with the "practicalities of the commercial world, with which the trademark law deals." *Witco Chemical Co., v. Whitfield Chemical Co.*, 164 USPQ 43, 44-45 (CCPA 1969).

14.     As a result of CPSM's responses, the USPTO then withdrew the refusals to register under Section 2(d) and the applications were promptly published for opposition on August 20, 2019. Opposer secured 90- day extensions of time to oppose the applications until December 18, 2019.

15.     On December 18, 2019, ASU filed Opposition No. 91253165 with the TTAB to oppose registration of CPSM's Applications for the CHATTANOOGA RED WOLVES Mark and the Design Mark (collectively, the "CPSM Marks") based on allegations that the CPSM Marks resemble ASU's U.S. Trademark Registration No. 3596375 for RED WOLVES ARKANSAS

STATE and design [RED WOLVES ARKANSAS STATE logo], Registration No. 3796310 for RED WOLVES, Registration No. 3677815 for RED WOLVES, and Registration No. 4635369 for RED WOLF (collectively, the "ASU Marks") for use with various clothing items, educational services, and entertainment services, including organizing and conducting sporting events.

16. On May 23, 2022, the TTAB chose to redesignate the decision in *Conopco Inc. v. Transom Symphony OpCo LLC DBA Beauty Quest Group*, 2022 USPQ2d 504 (TTAB 2022) as precedential. That case held, in part, "although the parties' marks are quite similar, we find that the proposed amendment would obviate a likelihood of confusion between the marks." On June 29, 2022, in light of the TTAB's redesignation of the *Conopco Inc.* decision, CPSM filed a motion to amend its identification of goods and services by limiting them by the phrase "relating to a professional soccer team."

17. On September 18, 2023, the TTAB issued a decision refusing registration of the CPSM Marks based on a likelihood of confusion with the ASU Marks. Furthermore, in pertinent part, the TTAB's decision:

    a. Denied CPSM's motion to amend based on the contention that the proposed amendment was untimely and would not avoid a likelihood of confusion;

    b. Considered a Rebuttal Testimony Declaration of Brad Phelps, after denying CPSM's motion to strike the rebuttal testimony;

    c. Concluded "professional and college sports to be related;"

d. Afforded "little probative value" to five sets of third-party registrations that include the same word (WOLFPACK, TIMBERWOLVES, WOLVES, EAGLES, BUCCANEERS);

e. Afforded no probative value to third-party registrations for WOLF/WOLVES-formative marks to demonstrate that the ASU Marks are weak in connection with the relevant goods and services;

f. Concluded that the similarities of the CPSM Marks and the ASU Marks outweigh the dissimilarities; and

g. Held that "whether or not [ASU] may not engage in professional sports, does not remove the possible confusion due to affiliation or sponsorship."

18. CPSM believes these conclusions, among others, reached by the TTAB were erroneous.

## FIRST CAUSE OF ACTION
### (Appeal from the Decision of the TTAB Pursuant to 15 U.S.C. § 1071(b))

19. CPSM realleges paragraphs 1 through 18 as if fully set forth herein and further alleges as follows:

20. CPSM appeals the erroneous September 18, 2023 decision of the Trademark Trial and Appeal Board in the matter of *Arkansas State University. v. Chattanooga Professional Soccer management, LLC*, Opposition No. 91253165.

21. The September 18, 2023 TTAB decision is a final decision subject to review under Section 21 of the Lanham Act, 15 U.S.C. § 1071.

22. The TTAB panel's conclusions of law are incorrect and its findings of fact in its September 18, 2023 decision are not supported by substantial evidence to warrant refusal of

-6-

4869-6848-3729.v1

registration.

23. CPSM has taken no appeal of the September 18, 2023 decision to the United States Court of Appeals for the Federal Circuit.

24. CPSM seeks a *de novo* review of the TTAB's September 18, 2023 decision by civil action under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

25. CPSM seeks an order reversing the TTAB's September 18, 2023 decision on the basis that the TTAB erred in finding that CPSM's Marks for the goods and services listed in the Applications are likely to be confused with ASU's Marks for at least the following reasons:

   a. The TTAB erred in determining that the goods and services listed in CPSM's Applications are sufficiently related to the goods and services listed in ASU's ASU Marks;

   b. The TTAB erred in finding that the proposed amendment would not avoid a likelihood of confusion;

   c. The TTAB erred in finding "professional and college sports to be related" and determining that "whether or not [ASU] may not engage in professional sports, does not remove the possible confusion due to affiliation or sponsorship;"

   d. The TTAB erred by failing to give adequate weight to the five sets of third-party registrations that include the same word (WOLFPACK, TIMBERWOLVES, WOLVES, EAGLES, BUCCANEERS);

   e. The TTAB erred by failing to give adequate weight to the third-party registrations for WOLF/WOLVES-formative marks to demonstrate that the ASU Marks are weak in connection with the relevant goods and services;

  f. The TTAB erred by failing to consider the CPSM Marks each as a whole and concluding that the similarities of the CPSM Marks and the ASU Marks outweigh the dissimilarities; and

  g. The TTAB erred by considering the Rebuttal Testimony Declaration of Brad Phelps.

26. CPSM further seeks an order requiring that the register U.S. Trademark Application Serial Nos. 88/117,505 and 88/196,890 on the USPTO's Principal Register.

27. The TTAB's decision was contrary to pertinent law, not supported by substantial evidence and/or was in error in light of the evidence of record with the TTAB, the allegations in this Complaint, and additional evidence to be submitted by CPSM as set forth above. Therefore, the TTAB's September 18, 2023 decision was insufficient to support a conclusion that ASU established its claims under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

**SECOND CAUSE OF ACTION**
**(Declaration of No Likelihood of Confusion under Federal Law)**

28. CPSM realleges paragraphs 1 through 27 as if fully set forth herein and further alleges as follows:

29. An actual controversy exists between CPSM and ASU regarding the likelihood of confusion between the CPSM Marks and the ASU Marks.

30. CPSM is entitled to a declaration from the Court that the CPSM Marks appearing in CPSM's Applications, for the goods cited in the Applications, are not likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others as to an affiliation, connection or association between CPSM and ASU, and/or as to the origin sponsorship, or approval of ASU's

goods, services, or other commercial activities pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

## PRAYER FOR RELIEF

WHEREFORE, CPSM prays that the Court enter judgment:

(a)  Reversing the September 18, 2023 decision of the Trademark Trial and Appeal Board in the matter of *Arkansas State University. v. Chattanooga Professional Soccer management, LLC,* Opposition No. 91253165 referenced herein, pursuant to 15 U.S.C. § 1071(b);

(b)  Ordering the United States Patent and Trademark Office to register U.S. Trademark Application Serial Nos. 88/117,505 and 88/196,890 on the USPTO's Principal Register; and

(c)  for such other relief as this Court deems reasonable and just.

RESPECTFULLY SUBMITTED this 17th day of November, 2023.

PARSONS BEHLE & LATIMER

/s/ Timothy B. Smith
Timothy B. Smith
Jordan Stott
*Attorneys for Chattanooga Professional Soccer Management, LLC*